# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:19-CR-00305-RP** |
| | § | |
| | § | |
| **(1) DAVID RANDLE JAKOBEIT,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which asks the Court to revoke Defendant Brandon Grigsby's term of supervised release. Dkt. 96. The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the reasons stated below, the undersigned recommends that the District Judge withhold making a finding of true in Jakobeit's case, subject to Jakobeit's successful completion of his term of supervised release without further violations. The undersigned will further recommend that should the Probation Office notify the Court of a violation prior to the expiration of his term of supervision, the Court should enter a finding accepting

1

Jakobeit's plea of true and sentence Jakobeit to a term of imprisonment of 6 months (the low end of the guideline range), with no term of supervised release to follow.

## I.    BACKGROUND

Defendant Jakobeit is presently serving a 3-year term of supervised release on a conviction out of this District. Dkt. 83. Jakobeit began serving his term of supervised release in June. Dkt. 96. Within a few months, he tested positive for amphetamine/methamphetamine use. *Id.* Jakobeit began participating in outpatient drug-abuse treatment, which worked for a bit, but he began testing positive again shortly thereafter. *Id.* The Court then modified the terms of his release to require his participation in inpatient drug treatment. *Id.* Jakobeit successfully completed that program in late 2025. *Id.* Then, in February 2026, Jakobeit tested positive for methamphetamine use again, leading the Probation Office to file a petition seeking to revoke Jakobeit's supervised release. *Id.* The summary of violation allegations below come from that document:

> **Violation of Special Condition:** "The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision."
>
> **Violation of Mandatory Condition No. 2:** "The defendant shall not unlawfully possess a controlled substance."
>
> **Violation of Mandatory Condition No. 3:** "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant."
>
> **Nature of Noncompliance:** On February 2, 2026, the defendant reported as instructed and provided a comply drug urinalysis for testing.

2

The urine sample was returned positive for amphetamines. He denied verbally and in writing to using illegal drugs. On February 16, 2026, lab confirmation testing was completed with the results being confirmed as positive for methamphetamine.

On February 11, 2026, the defendant reported as instructed to the probation office after notice was received that the drug urinalysis from February 2, 2026, was positive for amphetamines. The offender provided an instant in office drug urinalysis for testing that also returned positive amphetamines. The offender denied verbally and in writing to using illegal drugs. As of this writing, the lab confirmation results remain pending.

On February 12, 2026, the defendant reported as instructed and provided another comply drug urinalysis for testing. The urine sample was returned positive for amphetamines. He denied verbally and in writing to using illegal drugs. At the time of this writing the lab confirmation results remain pending.

*Id.*

The undersigned set the petition for hearing, at which Defendant attended, along with his counsel, Assistant Federal Public Defender Jose Gonzalez Falla, Assistant U.S. Attorney Britni Vejeira, and USPO Christopher Webb. Defendant pleaded true to the facts supporting the alleged violations. As for a recommended disposition, Jakobeit's attorney urged the Court to recommend that the District Judge withhold making a finding of true, provided that Jakobeit remain compliant for the rest of his term of supervision, which is set to expire on June 29, 2026. Counsel argued that while his client had violated the terms of his release on multiple occasions, he had remained gainfully employed throughout and had a substantial support network around him that would enable him to refrain from relapsing in these remaining few months of supervision. After considering counsel's argument, the undersigned agreed to recommend this disposition.

3

## II.    FINDINGS OF THE COURT

1.    Probable cause exists for the alleged violation of Mandatory Conditions 2 and 3, and Special Condition.

2.    The most serious violation is a Grade C, and Defendant's criminal history category is IV.

3.    Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4.    Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5.    Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of the his plea.

6.    Defendant was sane and mentally competent at the time of these proceedings.

7.    Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    Defendant waived his right to a preliminary hearing.

9.    Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10.    Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11.    Defendant violated Standard Conditions 2 and 3, and Special Condition of his term of supervised release, and there is a factual basis in support of that finding.

## III.    FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1.   The nature and circumstances of the offense, § 3553 (a)(1);

2.   The history and characteristics of the defendant, (a)(1);

3.   To afford adequate deterrence to criminal conduct, (a)(2)(B);

4.   To protect the public, (a)(2)(C);

5.   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6.   The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8.   The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the Court.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge withhold making a finding of true in Jakobeit's case, subject to Jakobeit's successful completion of his term of supervised release without further violations. The undersigned **FURTHER RECOMMENDS** that should the Probation Office notify the Court of a violation prior to the expiration of his term of supervision, the Court should enter a finding accepting Jakobeit's plea of true and sentence Jakobeit to a term of imprisonment of 6 months (the low end of the guideline range), with no term of supervised release to follow.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 24, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE